Lauth v. Badeaux, 189 Ill. App. 88.

---

## George Lauth, Defendant in Error, v. Ralph G. Badeaux, Plaintiff in Error.

### Gen. No. 19,480. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed October 8, 1914.

## Statement of the Case.

Action by George Lauth against Ralph G. Badeaux, brought in the Municipal Court of Chicago to recover on a promissory note given by defendant to plaintiff. The note was as follows:

"375.00                          April 14, 1911.

On or before three years after date, I promise to pay to the order of George Lauth, Three Hundred and Seventy-five and no/100 dollars, at Chicago, Illinois, value received.

Number——— Due ———       R. G. BADEAUX."

Lauth v. Badeaux, 189 Ill. App. 88.

At the time the note was given, plaintiff was in the employ of the defendant who was then in the real estate business. Plaintiff had assisted defendant in a certain real estate transaction wherein defendant bought a certain piece of property and resold it at a profit of $750, and for the services rendered, plaintiff was to receive one-half of the profit. It appeared that at the time of giving the note in question there remained unpaid from the purchaser of the land a note held by defendant, which was not due, for the sum of $750 with interest, secured by a mortgage, which represented the profit, and which was payable on or before three years from date. It also appeared this note was paid prior to the beginning of this suit.

Plaintiff's statement of claim, after setting out the note, made reference to an understanding or agreement that when the mortgage was paid, the $375 note would be due and payable, and also that said note had been paid and the mortgage released. Defendant filed an affidavit of merits setting up that the note set out in plaintiff's statement of claim was not yet due and that, therefore, the action was prematurely brought. It also denied the fact that there was an understanding such as claimed by plaintiff. The jury trial was had and plaintiff recovered a judgment. To reverse the judgment, defendant prosecutes a writ of error.

H. P. SINDEN, for plaintiff in error.

ROSE, SYMMES & KIRKLAND, for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 422*—*when note sued on not admissible in evidence.* In a suit on a promissory note purporting on its face not to be due, *held* that the note was improperly admitted in evidence.

2. EVIDENCE, § 327*—*when terms of note cannot be varied by*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*parol.* In an action on a promissory note purporting on its face not to be yet due, the admission of testimony offered by plaintiff to show that there was an understanding that the note was to become due when defendant collected money on a certain note which had been given to defendant by a third person, *held* error.

3. EVIDENCE, § 338*—*when parol evidence inadmissible.* The rule that when a written instrument is incidental to an agreement the whole transaction may be shown by parol, *held* not applicable when the suit instead of being based on a parol agreement is based on the terms of the written instrument which plaintiff endeavors to alter by offering evidence of the parol agreement.